IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> KEVIN A. THOBIAS <br> Defendant. | CRIMINAL NO.25-303(CVR) |

<u>Motion for a Protective Order pursuant to Rule 16(d)(1), F.R.C.P</u>

**TO THE HONORABLE COURT**:

The United States of America by and through the undersigned attorneys, very respectfully states and prays as follows:

In this case, a four count Indictment was returned by the Grand Jury on July 2, 2025, charging the defendant with violations of Title 18, <u>United States Code</u>, Sections 1343, 1349, and 1957. The discovery in this case includes documentation containing identification numbers, addresses, and bank account information. This type of personal identification information ("PII") generally requires protection pursuant to Rule 49.1 of the Federal Rules of Criminal Procedure as well as Local Civil Rule 5.2 and may be subject to the Privacy Act, Title 5, <u>United States Code</u>, Section 552a or the provisions of Title 42, <u>United States Code</u>, Section 1306.

Given the scope of PII and to facilitate discovery between the parties, the United States respectfully requests that this Honorable Court issue a protective order governing the use, disclosure, and return of PII as set forth in the attached proposed order. *See* Exhibit 1.

In addition to the inherent power of district courts to supervise their proceedings, this Honorable Court is entrusted with authority to fashion appropriate protective orders regulating discovery pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. Specifically, Rule 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed.R.Crim.P. 16(d)(1). Thus, the Court may restrict the use of discovery material in order to safeguard personal or otherwise sensitive information.

The United States respectfully requests that a protective order be issued which a) permits the United States to produce un-redacted PII in discovery by labeling said documents as "confidential"; b) limits Defendant's reproduction and dissemination of "confidential" documents and PII; and c) requires the return of all "confidential" documents and PII at the conclusion of the case. This will ensure that the United States can comply with its Rule 16 discovery obligations while not running afoul of its duty to safeguard personal or otherwise sensitive information. A proposed protective order is attached hereto for the Court's review. *See* Exhibit 1.

INTENTIONALLY BLANK

**WHEREFORE**, the United States of America respectfully requests that this Honorable Court **GRANT** this Motion for a Protective Order and issue an order in substantially similar form to the proposed protective order attached hereto.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 16th day of July, 2025.

**CERTIFICATE OF SERVICE**: I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all counsel of record.

W. STEPHEN MULDROW
United States Attorney

*s/Myriam Y. Fernandez-Gonzalez*
Myriam Y. Fernandez-Gonzalez
Assistant United States Attorney
USDC-PR No. 218011
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, PR 00918
myriam.y.fernandez@usdoj.gov
Tel. (787) 766-5656