IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL NO.25-303(CVR) |
| KEVIN A. THOBIAS<br>Defendant. | |

**PROTECTIVE ORDER**

To expedite the flow of discovery material between the parties, to facilitate the prompt resolution of disputes over confidentiality, to adequately protect individually identifiable information entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled, the United States' request for a protective order is hereby **GRANTED** and pursuant to the Court's authority under Fed. R. Crim. P. 16(d), it is further **ORDERED**:

(1) **Production of Information by the United States that may be subject to the Privacy Act, Title 5, United States Code, Section 552a; Title 42, United States Code, Section 1306; or any other Privacy Protections.**

The United States may produce certain individually identifiable personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure and Local Civil Rule 5.2 to defendants, pursuant to defendants' discovery requests and Rule 16. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C.§ 552a or to the provisions of 42 U.S.C. § 1306. The United States may produce these documents un-redacted to the defense counsel subject to this Order of

the Court. Upon production of these documents, the United States shall designate them as "confidential" in the manner set forth in paragraph 2, below.

The defendant, including defendant's counsel and their personnel, may use these documents only for purposes of the litigation, and may **NOT** disclose, reproduce, or disseminate them or protected personal identification information to non-parties to this litigation without prior Court approval.

The defendant shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed.

Within 90 days of the final conclusion of this litigation, each defendant shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to counsel for the United States, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed.

**(2) Designation of Material Subject to this Protective Order**. To designate "confidential" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, e-mail, or on a disk cover or label by using the following designation: "CONFIDENTIAL INFORMATION- SUBJECT TO PROTECTIVE ORDER."

**(3) Confidential Personal Identity Information in Open Court.** The procedures

for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.

**(4) Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise proper;

**(5) No Waiver**.   The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

 **(6) No Ruling on Discoverability Nor Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any material;

**(7) Disclosure to Agencies or Departments of the United States.** Nothing contained in this Protective Order shall prevent, or in any way limit or impair, the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated materials relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent, or in any way limit or impair, the use of any such designated materials by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any

matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated materials consistent with the terms of this Protective Order.

IT IS SO ORDERED,

In San Juan, Puerto Rico, this          day of              2025.

_____
HONORABLE CAMILLE VELEZ RIVE
UNITED STATES DISTRICT JUDGE
DISTRICT OF PUERTO RICO

4