IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**KEVIN A. THOBIAS**,<br><br>Defendant. | Case No. 25-cr-303 (CVR) |

**MOTION FOR BILL OF PARTICULARS**
**AND MEMORANDUM IN SUPPORT**

Defendant Kevin A. Thobias, by his undersigned counsel, respectfully submits this Motion for a Bill of Particulars and Brief in Support pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, and requests that the Court enter an Order directing the United States to file a Bill of Particulars clarifying the indictment [DE 1] in the above-styled action. As grounds for this Motion, Defendant shows the following:

I.   INTRODUCTION

1. Defendant is charged with four counts:

    a. One count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C §§ 1349 and 1343;

    b. Two counts of Wire Fraud, in violation of 18 U.S.C § 1343, as well as a Forfeiture Allegation relating to the wire fraud charge; and

    c. One count of Money Laundering, in violation of 18 U.S.C § 1957, as well as a Forfeiture Allegation relating to the money laundering charge.

1

2. Defendant was arraigned on July 10, 2025.

## II.    LEGAL ANALYSIS

Per Rule 7(f) of the Federal Rules of Criminal Procedure, a defendant may move for a Bill of Particulars within 14 days after arraignment, and the Court may direct to government to file such Bill of Particulars.  The purpose of a Bill of Particulars is to "provide the accused with sufficient detail of the charges against him where necessary to the preparation of his defense and to avoid prejudicial surprise at trial." United States v. Ellison, 442 F. Supp. 3d 491, 496 (D.P.R. 2020) (quoting United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970)).  Various factors may be weighed by the Court when deciding on a motion for a Bill of Particulars, including "the clarity of the indictment, [] the degree of discovery and other sources of information otherwise available to the defendants… the complexity of the offense, the range of activities it encompasses, and the time span it covers." Id. (internal quotation marks and citations omitted).

Courts often grant a request for a Bill of Particulars where an indictment fails to specify the alleged victim or victims.  See United States v. Trumpower, 546 F. Supp. 2d 849, 852 (E.D. Cal. 2008) (granting defendant's request for bill of particulars for the identity of the wire fraud victims); United States v. Solnin, 81 F. Supp. 3d 193, 209 (E.D.N.Y. 2015) (ordering government to disclose identity of wire fraud victims); United States v. Urso, 369 F. Supp. 2d 254, 272 (E.D.N.Y. 2005) (granting defendant's request for bill of particulars for the identity of the victims of the alleged conspiracy).

Courts also grant requests for a Bill of Particulars as to the identity of unnamed alleged co-conspirators.  See Urso, 369 F. Supp. 2d at 272 (granting defendant's request for bill of particulars for the identity of the defendant's alleged co-conspirators); United States v. Trie, 21 F. Supp. 2d 7, 22 (D.D.C. 1998) (finding that "immediate disclosure" of defendant's unindicted co-

conspirators "is necessary to allow [defendant] to adequately prepare for trial" partially because the alleged conspiracy lasted for years).

Additionally, courts routinely order the government to provide a bill of particulars specifying "the particular… financial transactions not already identified in the indictment upon which the government intends to rely at trial" that constitute an "overt act" in regard to a conspiracy. Trie, 21 F. Supp. 2d at 23 (collecting cases); United States v. Rogers, 617 F. Supp. 1024, 1029 (D. Colo. 1985) (holding that "[t]he government must reveal the substance, time, place, and date of each overt act as well as the identities of the participants in those acts.")

A bill of particulars may also be ordered in wire fraud cases where the indictment does not sufficiently explain how the wires were made "in furtherance" of the alleged scheme. See United States v. Bartlett, No. 1:23-CR-20676, 2024 WL 4579926, at *14 (E.D. Mich. Oct. 25, 2024) (ordering government to "provid[e] more detail about how the transfers identified in the Wire Fraud Counts were 'in furtherance' of Defendants' alleged fraudulent… scheme."). Additionally, a bill of particulars may be ordered to identify how "allegedly laundered money can be identified as the proceeds of criminal conduct to the extent that it was ever commingled with legitimately derived funds." Trumpower, 546 F. Supp. 2d at 852.

Lastly, the statute of limitations for a federal conspiracy charge "runs from [the] date of [the] last overt act in furtherance of conspiracy" and the "government must prove that the conspiracy existed, the defendant was still a member of it, and at least one overt act occurred, within five years of date of indictment." United States v. Doherty, 867 F.2d 47, 60 (1st Cir. 1989) (internal citations omitted).

### III.   CLARIFICATION NEEDED

The indictment, in its present form, remains impermissibly vague as to each of the charges alleged. While Defendant acknowledges that a motion for a Bill of Particulars is not intended to serve as a substitute for discovery, the utter lack of specificity in the indictment severely impairs Defendant's ability to prepare an adequate and effective defense. Without further clarification, Defendant is left to speculate as to the precise conduct the Government intends to prove at trial, resulting in unfair surprise and prejudice. Therefore, Defendant respectfully moves this Court to order the Government to file a Bill of Particulars that sets forth, with particularity, the factual basis for each charge, clarifying the indictment in the following respects:

#### a.   Count One (Conspiracy to Commit Wire Fraud)

1. Please state with particularity the identity of the alleged co-conspirators.
2. Please specify the time periods these alleged co-conspirators were part of the alleged conspiracy.
3. Please state with particularity the identity of the victim(s) of the alleged conspiracy.
4. What was the specific nature of the agreement between the individuals to commit wire fraud?
5. Please describe with particularity and clarify the definition of black hat services or activities that constituted black hat services in ¶ 18 of the Indictment.
6. How did the alleged "black hat services" give Defendant a competitive advantage.
7. How did the alleged "black hat services" impair consumers' access to accurate, reliable information about merchants, products, and reviews on the Amazon Marketplace?

8. Please describe with particularity what alleged service caused misrepresentation of material facts regarding products' ratings other than the alleged removal of negative reviews.

9. What "obstacles" were created that impaired other third-party sellers' ability to sell in the Amazon Marketplace.

10. Please describe, if any, the relationship between the alleged activity itemized in ¶ 18 and the sale of assets to Company A in the context of the scheme to defraud.

11. Please describe the relationship between Act 20 and/or Act 22 and the alleged conspiracy to commit wire fraud, if any.

12. Please state with particularity at least one overt act allegedly committed by Defendant in furtherance of the alleged conspiracy, that was within five years of the indictment.

13. Please clarify whether the Government is alleging that the alleged conspiracy existed within five years of the indictment.

14. Please clarify whether the Government is alleging that Defendant was a member of the alleged conspiracy within five years of the indictment.

15. Please state with particularity each and every overt act allegedly committed in furtherance of the alleged conspiracy, by whom each act was committed, and the date, time, and place of occurrence of each act.

16. What was the precise underlying scheme to defraud related to the alleged conspiracy in Count One?

17. Please state with particularity the names of Defendant's alleged employees between 2018 and 2020 referenced in ¶ 14.

18. Please clarify whether the Government is alleging that the alleged conspiracy was for all or only some of Nutragroup's products.

19. Please clarify whether the Government is alleging that the assets sold to Company A as described in ¶ 15 were part of the conspiracy, and if so, please state with particularity which assets.

### b. Counts Two and Three (Wire Fraud and Related Forfeiture Allegation)

1. Please clarify whether the wire fraud alleged in Counts Two and Three is related to the conspiracy alleged in Count One. If so, please clarify the relationship.

2. The Government incorporated allegations contained paragraphs 1 to 16 of the Indictment. Thus, please describe with particularity the relationship between Act 20 and/or Act 22 and Counts Two and Three of wire fraud, if any.

3. Please state with particularity any and all material facts that were allegedly misrepresented or omitted regarding the Purchased Assets.

4. Please clarify whether the Government is alleging that the victim of the alleged wire fraud is Company A, or any other party.

5. Please state with particularity how the alleged wire transfers were made in furtherance of the wire fraud scheme.

6. Please state with particularity how the 2018 Bugatti is "derived from proceeds traceable to the offense(s)" as alleged in ¶ 2 of the Wire Fraud Forfeiture Allegation.

### 7. Count Four (Money Laundering and Related Forfeiture Allegation)

1. Please state with particularity how the JP Morgan Chase Bank N.A. Account ending in 2541 (the "Chase Account") contained money allegedly derived from wire fraud and conspiracy to commit wire fraud.

2. Please clarify whether the Government is alleging that the wire transfers alleged in Counts Two and Three, i.e. the wire transfers into the Banco Popular de Puerto Rico Account ending in 2618, is the same money allegedly wired out of the Chase Account to purchase the 2018 Bugatti.

3. Identify the specific "specified unlawful activity" from which the 2018 Bugatti was allegedly derived, as defined by 18 U.S.C. § 1956.

4. If the 2018 Bugatti was derived from multiple specified unlawful activities, identify each and the amount attributed to each unlawful activity.

5. Specify with particularity the method by which the 2018 Bugatti was allegedly derived from the specified unlawful activity.

6. Please state with particularity how the allegedly laundered money in the Chase Account can be identified as the proceeds of criminal conduct to the extent that it was ever commingled with legitimately derived funds in the same account.

7. Please state with particularity how the 2018 Bugatti is "derived from proceeds traceable to the offense(s)" as alleged in ¶ 2 of the Money Laundering Forfeiture Allegation.

## IV.     CONCLUSION

Defendant Kevin A. Thobias moves that the Court exercise its discretionary power under Fed. Rule Crim. P. 7(f) and order the Government to file a bill of particulars in this matter as more specifically requested herein, to assure that the Defendant may adequately prepare for trial and avoid prejudicial surprise.

**WE HEREBY CERTIFY** that we electronically filed the instant claim using the CM/ECF System, which will send notification to all counsel of record.

Respectfully submitted on July 24, 2025.

/s/ Jonathan Edderai

Jonathan Edderai
*Admitted Pro Hac Vice*
Cohen Edderai, LLP
1132 Kane Concourse, Suite 205
Bay Harbor Islands, FL 33154
jonathan@wofferscohen.com
Office: (786) 505-0431
Fax: (786) 544-2619

*and*



PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
vacevedo@cstlawpr.com
**/s/ VICTOR O. ACEVEDO-HERNANDEZ**
USDC-PR No. 227813
*Counsel for Defendant*