IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

KEVIN A. THOBIAS,

Defendant.

CIVIL NO. 25-303 (CVR)

## ORDER

Before the Court is defendant Kevin A. Thobias ("Thobias")'s "Motion for Bill of Particulars and Memorandum in Support" pursuant to Fed.R.Crim.P. 7(f) (Docket No. 18) which was opposed by the Government.  (Docket No. 21).

For the reasons set forth below, the Court DENIES Thobias' motion.

## BACKGROUND

On July 2, 2025, a four (4) count Indictment was returned by a grand jury charging defendant Thobias with violations of Title 18, United States Code, Sections 1343, 1349, and 1957.  (Docket No. 1).

Thobias claims the indictment, in its present form, is impermissibly vague as to each of the charges alleged and the lack of specificity severely impairs his ability to prepare an adequate and effective defense. He also posits that, without further clarification, he is left to speculate as to the precise conduct the Government intends to prove at trial, resulting in unfair surprise and prejudice. Therefore, Thobias moves the Court to order the Government to file a bill of particulars setting forth, with particularity, the factual basis for each charge and the details he seeks in his motion.  (Docket No. 18).

The Government opposed the motion contending the indictment provides

sufficient notice and information regarding the charges pending against Thobias to prepare his defense. The government also asserts that he is being provided with extensive discovery packages regarding the evidence to be used at trial to minimize any unfair surprise. Finally, the Government claims that Thobias' request is an impermissible investigative attempt to seek additional details regarding how it intends to prove the elements of the offenses at trial. (Docket No. 21).

## LEGAL STANDARD

Pursuant to Rule 7(f) of the Fed.R.Crim.P., the Court "may direct a filing of a bill of particulars." Fed. R. Crim. P. 7(f). "A bill of particulars is a formal written statement by the prosecutor providing details of the charges against the defendant." United Stares v. Ellison, 442 F.Supp. 3d 491, 496 (D.P.R. 2020) (quoting 1 Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure: Criminal § 130, at 658-59 (4th ed. 2008)). This statement serves to "protect against jeopardy, provide the accused with sufficient detail of the charges against him where necessary to the preparation of his defense and to avoid prejudicial surprise at trial." United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970); United States v. Carmona-Bernacet, 600 F. Supp. 3d 155, 171 (D.P.R. 2022).

"Motions for bills of particulars are seldom employed in modern federal practice." United States v. Sepúlveda, 15 F.3d 1161, 1192 (1st Cir. 1993). "When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." Id. at 1192-93. A bill of particulars "is not an investigative tool for defense counsel 'to obtain a detailed disclosure of the government's evidence prior to trial.'" United States v. Rodríguez-Torres, 560 F.Supp.2d 108, 111 (D.P.R. 2008) (García, J.) (quoting United States v. Kilrain, 566 F.2d 979, 985

<u>United States of America v. Kevin A. Thobias</u>
Order
Criminal No. 25-303 (CVR)
Page 3

(5th Cir. 1978)). "Federal trial courts have always had a very broad discretion in ruling upon requests for such bills." <u>Will v. United States</u>, 389 U.S. 90, 98-99 (1967) (The decision to grant or to deny a defendant's motion for a bill of particulars is entrusted to the sound discretion of the district court.).

An indictment substantially describes the essential facts constituting the charged offense, within the meaning of Fed.R.Crim.P. 7(c)(1) and the government need not describe "the precise dates and locations" of all overt acts. <u>See</u> <u>United States v. Hallock</u>, 941 F.2d 36, 40-41 (1st Cir. 1991); <u>United States v. Paiva</u>, 892 F.2d 148, 155 (1st Cir. 1989); Sepúlveda, 15 F.3d at 1193 (requiring a demonstration by the defendant that the denial of a bill of particular would result in prejudice at trial, or other prejudice to a "substantial right.").

To prevail in a motion for a bill of particulars, "[a] defendant must show actual prejudice and point to specific evidence or witnesses that the lack of particularization prevented him from obtaining." <u>United States v. Tirado-Menéndez</u>, 301 F.Supp.3d 300, 305 (D.P.R. 2018) (quoting <u>United States v. Nelson-Rodríguez</u>, 319 F.3d 12, 31 (1st Cir. 2003)).

**ANALYSIS**

Thobias' request for a bill of particulars is unpersuasive because the indictment provides ample specification to prepare a defense and to avoid unfair surprise at trial. <u>Sepúlveda</u>, 15 F.3d at 1192-93. The instant indictment specifies sufficiently the nature of the charges and details Thobias' involvement in the alleged commission of the offenses. (Docket No. 1). <u>See</u> <u>Hallock</u>, 941 F.2d at 36 ("We are satisfied that the indictment contained enough information to inform [the defendant] of the criminal conduct in which he was alleged to have engaged, and that he was not prejudiced or surprised by any of the

<u>United States of America v. Kevin A. Thobias</u>
Order
Criminal No. 25-303 (CVR)
Page 4

alleged deficiencies. As the indictment was not impermissibly vague, the district court acted within its discretion in refusing to order a bill of particulars.").

Having reviewed the content of the twelve (12) page indictment in this case, the Court concludes that Thobias is not entitled to the extra specifics he requests. As thoroughly explained by the Government in its response (Docket No. 21, pp. 5-8), the indictment in this case is straightforward and sets out in detail the nature and elements of the criminal offenses with which Thobias is charged, specifies the approximate dates, and identifies the applicable criminal statutes. With respect to the wire fraud conspiracy charge (Count One), it furnishes a considerable amount of information, including: general allegations; an approximate beginning and ending date of the alleged conspiracy; a concise summary of the scheme to defraud; a thorough description of the manner and means used to accomplish the object of the conspiracy; and the statutory allegations. As to the wire fraud counts (Count Two and Three), the indictment details the scheme to defraud with approximate dates; the means and manner of the scheme to defraud; and how the scheme was executed. As to the money laundering count (Count Four), the indictment identifies the money transaction with a specific date for the purchase of a 2018 Bugatti Chrion (vin number identified), the amount of the transaction, the bank's name and the last four digits of the bank account. These details sufficiently apprise Thobias of the charges against him.

As to the details requested by Thobias of the conspiracy, identity of the victims of wire fraud and wire fraud conspiracy, and the co-conspirator's, the Court agrees with the Government that it does not have to provide these specifics pursuant to the caselaw cited by the Government in its response, that the Court incorporates herein by reference for purposes of brevity. (Docket No. 21, pp. 8-10).

<u>United States of America v. Kevin A. Thobias</u>
Order
Criminal No. 25-303 (CVR)
Page 5

In addition, Thobias' request as to the forfeiture is beyond the scope of what is required from the Government pursuant to Fed.R.Crim.P. 32.2. Said Rule requires that the United States in the Indictment provide notice to a defendant that it will seek the forfeiture of property as part of any sentence in accordance with the applicable statute. As properly asserted by the Government, the rule does not require that the charging document identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks. The indictment in this case includes a forfeiture allegation, specifically identifying the property subject to forfeiture. That is sufficient notice to Thobias that the Government will seek the forfeiture of the 2018 Bugatti Chrion. (Docket No. 1, pp. 10-11).

Finally, Thobias has not demonstrated the requisite prejudice that would entitle him to a bill of particulars. <u>Nelson-Rodríguez</u>, 319 F.3d at 31 (explaining that to prevail on a motion for a bill of particulars, "[a] defendant must show actual prejudice and point to specific evidence or witnesses that the lack of particularization prevented him from obtaining"). Thobias fails to provide a concrete example of actual prejudice resulting from the alleged lack of specificity of the indictment and the Government's discovery. <u>Tirado-Menéndez</u>, 301 F.Supp. at 306. Indeed, Thobias' access to thorough and continuous discovery (as represented by the Government in this case) undermines his case for a bill of particulars. <u>Id.</u>, <u>see</u> <u>United States v. Urban</u>, 404 F.3d 754, 772 (3d Cir. 2005) (finding that the appellants' access to discovery "further weakens the case for a bill of particulars.") (citing <u>United States v. Giese</u>, 597 F.2d 1170, 1180 (9th Cir. 1979) ("Full discovery . . . obviates the need for a bill of particulars.")). As a matter of fact, Thobias has not claimed in his motion that the discovery provided is inadequate.

In sum, the indictment specifies sufficiently the nature of the charges, detailing

Thobias' involvement in the alleged conspiracy and the offenses. (Docket No. 1); see Hallock, 941 F.2d at 36. The Court finds that because the charges facing Thobias have been clearly outlined and explained in the indictment, and because the government has made discovery available to him and will continue to provide discovery, he is not entitled to a bill of particulars.  Thobias has not met his burden of showing that a denial of his request would lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation.  A bill of particulars would only serve as an investigative vehicle for the defense to discover the evidentiary theory underlying the Government's case. Because a bill of particulars may not be employed for that purpose, Thobias motion is without merit.

## CONCLUSION

In view of the above, Thobias' Motion for a Bill of Particulars is DENIED. (Docket No. 18).

IT SO ORDERED.

In San Juan, Puerto Rico, this 7th day of August of 2025.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES DISTRICT JUDGE