IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **KEVIN A. THOBIAS**, <br><br> Defendant. | **Case No. 25-cr-303 (CVR)** |

## MOTION FOR RECONSIDERATION
## AND MEMORANDUM IN SUPPORT

Defendant Kevin A. Thobias, by his undersigned counsel, respectfully submits this Motion for Reconsideration of his Motion for a Bill of Particulars and Memorandum in Support [DE 18] pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and requests that the Court enter an Order directing the United States to file a Bill of Particulars clarifying the indictment [DE 1] in the above-styled action. As grounds for this Motion, Defendant shows the following:

### I.      INTRODUCTION

On July 24, 2025 Defendant filed a Motion for a Bill of Particulars and Memorandum in Support [DE 18] ("Motion for a Bill of Particulars"), moving the Court to order the Government to file a Bill of Particulars that sets forth, with particularity, the factual basis for each of its four counts. On August 7, 2025, the Court issued an order denying Defendant's Motion for a Bill of Particulars [DE 22], holding that "the indictment provides ample specification to prepare a defense and to avoid unfair surprise at trial." The Court explained that the Government is not required to provide certain specifics to Defendant such as "identity of the victims of wire fraud

1

and wire fraud conspiracy, and the co-conspirator's" and further explained that Defendant's requests regarding the forfeiture "is beyond the scope of what is required from the Government."

## II.     LEGAL STANDARD

While the "Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration," it is well-settled in this circuit that Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") governs motions for reconsideration in the criminal context. United States v. Pena-Fernandez, 394 F. Supp. 3d 205, 207 (D.P.R. 2019) (citing United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014) and United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)). Under Rule 59(e), a district court has discretion to reconsider an order for various reasons, including if "the original decision was based on a manifest error of law or was clearly unjust." Allen, 573 F.3d 42 at 53. "When faced with a motion for reconsideration, district courts should apply an interests-of-justice test." United States v. Siciliano, 578 F.3d 61, 72 (1st Cir. 2009); see also Douglas v. York Cnty., 360 F.3d 286, 290 (1st Cir. 2004).

As discussed extensively in Defendant's Motion for a Bill of Particulars [DE 18], the purpose of a Bill of Particulars is to "provide the accused with sufficient detail of the charges against him where necessary to the preparation of his defense and to avoid prejudicial surprise at trial." United States v. Ellison, 442 F. Supp. 3d 491, 496 (D.P.R. 2020) (quoting United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970)).

## III.     ANALYSIS

While Defendant's Motion for a Bill of Particulars seeks clarification on the identity of any alleged co-conspirators and alleged victims of wire fraud and wire fraud conspiracy, it also seeks clarification on several other categories.  The Court noted in its order that these particular topics

2

do not need to be clarified, but the Court did not address other categories of clarification. These other categories include the following:

- Any relationship between Act 20 and/or Act 22 and the alleged conspiracy to commit wire fraud;

- What the undefined term of "black hat services" means and how these "black hat services" allegedly gave Defendant a competitive advantage or impaired consumers' access to accurate, reliable information about merchants, products, and reviews on the Amazon Marketplace, as alleged throughout Count I of the Indictment; and

- Any relationship between the alleged activity itemized in ¶ 18 of the Indictment and the sale of assets to Company A in the context of the scheme to defraud; whether the Government is alleging that the alleged conspiracy was for all or only some of Nutragroup's products; and whether the Government is alleging that the assets sold to Company A as described in ¶ 15 of the Indictment were part of the conspiracy.

The purpose of a Bill of Particulars is to ensure that a defendant has sufficient details of the charges against him so that he can adequately prepare a defense, and to avoid prejudicially surprising the defendant at trial. See generally Ellison, 442 F. Supp. 3d. Defendant cannot adequately prepare a defense to the Indictment in its current form because of its vagueness and lack of specificity.  The Indictment spends two full pages discussing Act 20 and Act 22 and Defendant's allegedly false response in his applications for a tax exemption under these acts, yet the Government does not connect that with the alleged conspiracy to commit wire fraud, or the scheme to defraud and the manner and means to do so.  The Government's opposition to Defendant's Motion for a Bill of Particulars [DE 21] likewise spends nearly an entire page discussing Acts 20 and 22, but once again does not relate it to the conspiracy allegation.

Presently, Defendant is forced to speculate whether or not Act 20 or Act 22 are included in the allegations relating to conspiracy to commit wire fraud. The lack of clarity surrounding this topic in the Indictment is manifestly unjust, and ordering the Government to clarify any relationship between Act 20 and/or Act 22 and the alleged conspiracy to commit wire fraud would be in the interests of justice. See generally Siciliano, 578 F.3d 61.

Similarly, in its general allegations under Count I, the Government discusses Defendant's sale of certain assets to Company A, namely some of Nutragroup's assets and products. However, the Government fails to specify whether the alleged conspiracy in Count I was for all or only some of Nutragroup's products, and also fails to specify whether the assets sold to Company A as described in ¶ 15 of the Indictment were part of the alleged conspiracy. Additionally, it is entirely unclear whether the Government is alleging a relationship between the manner and means of the alleged conspiracy to defraud as described in ¶ 18 of the Indictment and the sale of the assets to Company A. It is unclear whether the Government is alleging that the conspiracy to commit wire fraud included the sale of assets to Company A, or if the sale of assets to Company A is only connected to Counts II and III for wire fraud. If the sale of assets *is* part of the conspiracy, why is it not referenced in the scheme or the manner and means of the scheme to defraud? And if the sale of assets *is not* part of the conspiracy, why is it mentioned at all in the general allegations under Count I? Defendant cannot adequately prepare a defense to the charges in Count I without having clarity on the alleged conspiracy; accordingly, ordering the Government to clarify any relationship between the sale of assets to Company A and the alleged conspiracy to commit wire fraud would be in the interests of justice.

Lastly, in alleging the manner and means of the scheme to defraud in Count I, the Government describes Defendant's alleged procurement of "black hat services" that gave him an

unfair competitive advantage over other Amazon sellers and that impaired consumers' access to accurate, reliable information about merchants, products, and reviews on Amazon. However, nowhere does the Government define the term "black hat services" – a term which does not have a consistent, readily known, or legal definition – and the Government also does not actually allege how these "black hat services" gave Defendant a competitive advantage or impaired Amazon consumers' access to accurate information. Defendant cannot prepare a defense when it is not even clear what conduct he must defend against. It would be in the interests of justice for the Government to state with particularity what constitutes "black hat services" and how such services allegedly gave Defendant a competitive advantage or impaired Amazon consumers' access to information.

Notably, Defendant is not seeking to discover the evidentiary theory underlying the Government's case; rather, Defendant is seeking to understand the charges that are being brought against him and what alleged actions he must defend against. Without such clarity, Defendant will be prejudiced by being unable to properly prepare a defense to the charged against him.

## IV.    CONCLUSION

Defendant Kevin A. Thobias moves that the Court exercise its discretionary power under Rule 59(e) and reconsider Defendant's Motion for a Bill of Particulars and order the Government to file a bill of particulars in this matter as more specifically requested herein, to assure that the Defendant may adequately prepare for trial and avoid prejudicial surprise.

**WE HEREBY CERTIFY** that we electronically filed the instant claim using the CM/ECF System, which will send notification to all counsel of record.

Respectfully submitted on August 28, 2025.

/s/ Jonathan Edderai

Jonathan Edderai
*Admitted Pro Hac Vice*
Cohen Edderai, LLP
1132 Kane Concourse, Suite 205
Bay Harbor Islands, FL 33154
jonathan@wollferscohen.com
Office: (786) 505-0431
Fax: (786) 544-2619

*and*



PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
vacevedo@cstlawpr.com
***/s/ VICTOR O. ACEVEDO-HERNANDEZ*** 
USDC-PR No. 227813
*Counsel for Defendant*